Elizabeth Rosenfeld (CA Bar No. 106571)
email: erosenfeld@wkclegal.com
Kathryn J. Halford (CA Bar No. 068141)
email: khalford@wkclegal.com
Nicholas I. Starkman (CA Bar No. 291373)
email: nstarkman@wkclegal.com
**WOHLNER KAPLON CUTLER**
**HALFORD & ROSENFELD**
16501 Ventura Boulevard, Suite 304
Encino, CA  91436
Telephone:  (818) 501-8030 ext. 313
Facsimile:  (818) 501-5306

Attorneys for Plaintiffs, Board of Directors
of the Motion Picture Industry Pension Plan, et al.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### Western Division

| | |
|---|---|
| BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY PENSION PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY INDIVIDUAL ACCOUNT PLAN; BOARD OF DIRECTORS OF THE MOTION PICTURE INDUSTRY HEALTH PLAN, <br><br> Plaintiffs, <br><br> vs. <br><br> EXTRACT PRODUCTIONS, LLC, a California limited liability company, <br><br> Defendant. | CASE NO. <br><br><br> **COMPLAINT FOR BREACH OF CONTRACT AND VIOLATON OF ERISA** <br><br> [29 U.S.C. §§1132, 1145 <br> 29 U.S.C. §185] |

Plaintiffs allege as follows:

## JURISDICTION

1.     Jurisdiction is conferred upon this court by the Employee Income Retirement Security Act of 1974 as amended ("ERISA"), 29 U.S.C. §1001, *et seq.*, and by section 301(a) of the Labor-Management Relations Act of 1947 as amended ("LMRA"), 29 U.S.C. §185(a).

## VENUE

2.     In accordance with ERISA §502(e) (29 U.S.C. §1132(e)), venue is appropriate in the Central District of California as the place where the Plans are administered, and where the contractual obligations alleged herein are to be performed.

## PARTIES

3.     Plaintiffs, the Boards of Directors of the Motion Picture Industry Pension Plan, the Motion Picture Industry Individual Account Plan, and the Motion Picture Industry Health Plan (herein "Plaintiffs"), are each the duly selected governing bodies of their respective jointly administered Labor-Management Trust Funds that were created and are maintained pursuant to section 302(c)(5) of the LMRA (29 U.S.C. §186(c)(5)).

4.     The Motion Picture Industry Pension Plan ("Pension Plan") and the Motion Picture Industry Individual Account Plan ("IA Plan") are "employee pension benefit plans" as defined ERISA §3(2) (29 U.S.C. §1002(2)).  The Motion Picture Industry Health Plan ("Health Plan") is an "employee welfare benefit plan" as defined in ERISA §3(1) (29 U.S.C. §1002(1)).  The Pension Plan, IA Plan, and Health Plan (collectively referred to herein as "the Plans") are "multiemployer plans" within the meaning of ERISA §§3(37)(A) and 515 (29 U.S.C. §1002(37)(A); 29 U.S.C. §1145).  Plaintiffs are fiduciaries with respect to the Plans within the meaning of ERISA §21(A) (29 U.S.C. §1002(21)(A)).  The Plans were established pursuant to collective bargaining agreements between various

1    employers and employer associations performing work in the entertainment
2    (motion picture and television) industry, the International Alliance of Theatrical
3    Stage Employees and Moving Picture Machine Operators of the United States and
4    Canada, AFL-CIO ("IATSE"), an unincorporated labor organization, and Studio
5    Transportation Drivers Local 399 of the International Brotherhood of Teamsters
6    ("Local 399"), an unincorporated labor organization.  The Plans are administered
7    in Studio City, California.

8        5.      Plaintiffs are informed and believe and thereon allege that defendant
9    Extract Productions, LLC ("Extract Productions") is a California limited liability
10   company with its principal place of business located at 1221 2nd Street, Santa
11   Monica, CA 90401.

12       6.    At all relevant times herein, Extract Productions has been an
13   employer in an industry affecting commerce, within the meaning of the LMRA
14   and ERISA.

15       7.    This complaint is prosecuted pursuant to section 301(a) of the
16   LMRA, and ERISA §§502 and 515, to enforce the provisions of ERISA against
17   employers engaged in an industry affecting commerce.

18                            FIRST CLAIM FOR RELIEF
19                             BREACH OF CONTRACT
20              (By All Plaintiffs Against Defendant Extract Productions)

21       8.    Beginning in or about July 2008, Extract Productions executed the
22   following collective bargaining agreements with IATSE and Local 399 covering
23   work performed on the production of the film "Extract" (herein "the Production"):

24           A.     IATSE Single Production Low Budget Feature Length Motion
25   Picture Memorandum Agreement agreeing to be bound to the Producer-IATSE
26   Basic Agreement of 2006 and its successor agreements for the Production, a true
27   and correct copy of which is hereto as Exhibit 1 and incorporated herein by
28   reference;

B.   <u>IATSE Agreement of Consent</u> agreeing to be bound to the Producer-IATSE Basic Agreement of 2008 and the Video Electronics Supplemental Basic Agreement of 2008 and Supplemental Digital Production Agreement, a true and correct copy of which is attached hereto as Exhibit 2 and incorporated herein by reference;

C.   <u>Studio Utility Employees Local 724 Memorandum of Agreement</u>, agreeing to be bound to the 2007-2010 Motion Picture Agreement for the Production, a true and correct copy of which is attached hereto as Exhibit 3 and incorporated herein by reference;

D.   <u>Studio Transportation Drivers Local 399 Memorandum of Agreement</u>, agreeing to be bound to the Producer-Studio Transportation Drivers Agreement, Location Managers Local 399 Agreement and the Producer-Studio Casting Directors Local 399/ Local 817 Agreement, a true and correct copy of which is attached hereto as Exhibit 4 and incorporated herein by reference.

9.   In conjunction with the execution of the Agreements, Extract Productions executed  Trust Acceptances, agreeing to be bound by all terms and conditions of the Trust Agreements establishing the Pension Plan, the IA Plan and the Health Plan ("Trust Agreements"), and to contribute to the Plans on behalf of each employee covered by the Agreements.  True and correct copies of the Trust Acceptances executed by Extract Productions are attached hereto marked collectively as Exhibit 5.

10.   The above-described Agreements, Trust Acceptances and Trust Agreements were in full force and effect during all times relevant herein.

11.   The Trust Agreements obligate Extract Productions to forward a single, combined weekly remittance report, together with contributions owed to the Plans for the total hours worked by or guaranteed to all employees covered by the Agreements, by the last day of the week following the week in which work

was performed.  Contributions are delinquent if they are not received within five (5) days from the date such contributions become due.

12.    Pursuant to the terms of the Trust Agreements, Extract Productions agreed that in the event of a delinquency it would pay liquidated damages.  The Trust Agreements for each of the Plans provide for payment of liquidated damages in addition to payment of any delinquent contribution or any interest, in an amount presumed to be the greater of 20 percent (20%) of the amount of contributions due; or the amount of interest due under the above provisions of this Article on the date when payment is made.

13.    The Trust Agreements further provide that in the event of a delinquency, Extract Productions shall be liable to the Plans, in addition to contributions, and liquidated damages, for all expenses of collection, including all costs, reasonable accountants' fees, auditors' fees and attorneys' fees, and for the payment of interest at the accruing at the rate of 1 percent (1%) per month on all unpaid contributions.

14.    Plaintiffs are informed and believe and upon that basis allege that Extract Productions employed persons who performed work covered under the Agreements, but failed to report and pay contributions to the Plans for these covered employees.

15.    As authorized by the Trust Agreements, the Plans completed and published an audit of the records of Extract Productions, which disclosed that Extract Productions had underpaid contributions in the amount of $2,685.40 for hours worked by its employees on the Production.  Prior to the audit, Plaintiffs were unaware that Extract Productions had failed to properly report and pay contributions.

16.    To date, the Plaintiffs have incurred expenses of $1,386.00 in auditing Extract Productions' records.

17.     At all times mentioned herein, it was and now is impracticable and extremely difficult to fix the amount of actual damage to the Plaintiffs as a result of nonpayment of contributions.  The amount agreed upon in the Trust Agreements, as and for liquidated damages, represented and now represents a reasonable endeavor to ascertain and compensate for the damages caused to the Plans by the nonpayment of contributions.

18.     As a result of Extract Productions' failure to report and pay contributions, it has been necessary for the Plans to employ the law firm of Wohlner Kaplon Cutler Halford & Rosenfeld, and Plaintiffs have incurred attorneys' fees.

19.     As a result of Extract Productions' breach of the Agreements and the Trust Agreements, Plaintiffs have been damaged in an amount equal to the amount of contributions, liquidated damages, interest, reasonable attorneys' fees and all costs, including audit costs, incurred in enforcing the terms of the Agreements and the Trust Agreements.

20.     Plaintiffs have complied with all conditions precedent, if any, to be performed under the terms of the Agreements and the Trust Agreements.

<u>SECOND CLAIM FOR RELIEF</u>

<u>VIOLATION OF ERISA</u>

<u>(By All Plaintiffs Against Defendant Extract Productions)</u>

21.     Plaintiffs incorporate by reference each and every allegation contained in paragraphs 1 through 20, as though fully set forth herein.

22.     By failing to accurately report and pay contributions to the Plans in accordance with the provisions of the Agreements and the Trust Agreements, Extract Productions has violated ERISA §515. Therefore, in accordance with the terms of the Trust Agreements and pursuant to ERISA §§502(g)(2) and 515, Plaintiffs are entitled to and hereby demand, payment of all contributions determined to be due, liquidated damages, interest, reasonable attorneys' fees and

all costs, including audit costs, incurred in enforcing the terms of the Agreements and Trust Agreements, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs pray for judgment as follows:

ON THE FIRST AND SECOND CLAIMS FOR RELIEF AGAINST

DEFENDANT EXTRACT PRODUCTIONS, LLC,

A CALIFORNIA LIMITED LIABILITY COMPANY

1.     For unpaid contributions in the sum of $2,685.40 as first disclosed by the Plans' audit;

2.     For payment of interest calculated at the rate of one percent (1%) per month on all unpaid audit contributions owed from the due dates until paid;

3.     For payment of liquidated damages in an amount presumed to be the greater of twenty percent (20%) of the amount of contributions due, or the amount of interest calculated at the rate of one percent (1%) per month until paid;

4.     For payment of audit costs in the sum of $1,386.00;

5.     For attorneys' fees and costs; and

6.     For such other relief as the court deems appropriate, including other appropriate legal and/or equitable relief in accordance with ERISA §502(g)(2)(E).

DATED:  September 5, 2016     Elizabeth Rosenfeld
Kathryn J. Halford
Nicholas I. Starkman
**WOHLNER KAPLON CUTLER**
**HALFORD & ROSENFELD**

By:     */s/ Elizabeth Rosenfeld*
ELIZABETH ROSENFELD
Attorneys for Plaintiffs the Boards of Directors of the Motion Picture Industry Pension Plan, the Motion Picture Individual Account Plan, and the Motion Picture Industry Health Plan